Shackelford, J.,
delivered the opinion of the Court-
*250 The only question presented for our consideration at this time, is. Oan this Court take jurisdiction of this cause?
It appears, from this record, the plaintiff in error, organized under a charter granted by the Legislature in 1866. Certain rights and privileges were given the Company — building a railroad, shed, etc., for transferring freight from the boats in the river to their buildings, etc.
It became necessary, for their operations, to have the use of a portion of the land owned by the City of Memphis. Application was made to the Board of Mayor and Aldermen, for the land, which was refused. A petition was filed in the Circuit. Court, for the county of Shelby, to have the lands, necessary for the purposes of operating their business, condemned. A statement of facts was agreed upon by the parties, and, at the September Term, 1866, of the Court, was submitted for the adjudication of the Court. The Judge was of opinion the petitioners were not entitled to relief, and decided the cause against the petitioners.
The record recites, thereupon, the petitioners file their bill of exceptions; and, by consent of the parties, and upon the prayer of the petitioners, it was ordered and adjudged that the petitioners have an appeal to the present term of the Supreme Court sitting at Knoxville, to which said matters and things in this petition are adjourned for hearing and decision. The appeal was granted and bond and security given, etc., etc.
*251 Eor the determination of this question, it becomes necessary to examine the provisions of the Code relative to appeals, and writs of error, from the inferior Courts, to this Court. Art. 5, sec. 2, of the Constitution, provides: “The Supreme Court shall be composed of three Judges, one of whom shall reside in each grand division of the State, and the Courts shall be holden at one place in each division.” Sec. 100-4 divides the State into three grand divisions, and apportions the Counties in the several divisions in which the Courts are held.
The Court for the Eastern Division, to be held at Knoxville; for the Middle Division, at Nashville; and for the Western, at Jackson.
Sec. 4496 provides: “ This Court shall have no original jurisdiction; but appeals and other proceedings, for the correction of errors, lie from the inferior Courts of law and equity, in each division, to the Supreme Court held in that division.” Secs. 3450-1-2-3-4 provide, for agreed cases in the Circuit and Chancery Courts. Sec. 3454 provides: “The parties to submission and agreed cases, are entitled to all the benefits of the proceedings for the correction of errors.” Sec. 4497 provides: “Agreed cases may, by consent of the parties, be adjourned to the Supreme Court for decision.”
It is under the provisions of the last section the appeal was taken to this Court. The record recites: “Upon the prayer of the petitioner, and by consent of parties, an appeal is granted to the present term of this Court, now sitting at Knoxville.”
*252 We think this appeal is not warranted by the several sections of the Code referred to. It is expressly provided that, “appeals and writs of error, and other proceedings, for the correction of errors, lie from the inferior Courts of law and equity, within each division, to the Supreme Court of that division. The language used in sec.' 4497, does not, in terms, give an appeal to this Court; it provides, “ the agreed case may be adjourned for the decision of the Supreme Court.” This, from the language used, would seem to be an effort on the part of the Legislature, to give this Court original jurisdiction of an agreed case, without the decision of an inferior Court; but, placing that construction on sec. 4497, which would give it legal effect, it must mean that agreed cases may be appealed from the decision of the inferior Court, as provided in sec. 4496, which we think the only true construction that can be given to sec. 4497.
The Circuit Court, for the County of Shelby, being held at Raleigh, in the Western Division, it follows, therefore, that this Court, setting at Knoxville, cannot take jurisdiction of this case.
This cause will be stricken from the docket.